## Harold V. Rasmussen et al. v. Granger Smith et al.

1. PRACTICE—*Vacation—Judgments by Confession.*—Where matters arise in an application to vacate a judgment by confession, proper to be submitted to a jury, further proceedings under the judgment should be stayed and the matters accordingly submitted.

Motion to vacate judgment by confession. Trial in the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Motion denied. Appeal. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded with directions. Opinion filed May 2, 1899.

WM. J. STAPLETON and JULE F. BROWER, attorneys for appellants.

SCHUYLER & KREMER, attorneys for appellees; D. J. SCHUYLER, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A judgment by confession under a power contained in a written lease between the parties, was entered in favor of appellees and against appellants.

A motion, made in apt time, to vacate the judgment, was heard upon affidavits and counter-affidavits, and overruled, and from the order denying the motion this appeal is prosecuted.

There is no question that the judgment by confession was for the proper amount of rent, if any, due at the time under the terms of the lease, or of the regularity of the judgment itself, or of the sufficiency of the power to confess judgment that the lease contains.

Appellants' chief contention is based upon their claim of an eviction from the premises. The facts and circumstances upon which appellants rely as constituting an eviction, are set forth in the affidavits filed and read in support of their motion to vacate the judgment.

The demised premises are described in the lease as, "the building known as Nos. 1535 and 1537, North Clark street,

together with the vacant space in the rear thereof &ast; &ast; &ast; to be used and occupied solely as a private dwelling, livery and boarding stable."

It appears that the building consisted of two stories, the lower one being fitted up and used for a livery stable, and the second or upper story, in the front part, being arranged and used for flats or dwellings, and the rear part being a loft or store-room for vehicles and a repair and paint shop.

The only means of reaching this store-room with vehicles was by a runway which descended, in part, upon an adjoining vacant lot owned, also, by appellees.

After the lease was made and after appellants had entered into possession, the appellees set out to erect a building upon the adjoining vacant lot, over and upon which a part of the runway descended and rested, and it became necessary for the runway to be removed to admit of such building. This was done with the knowledge of appellants, but it is disputed that it was done with their consent. Subsequent offers were made by appellees to replace the runway in such place as the appellants might approve of, but so that it should be wholly upon and within the limits of the rear part of the lot upon which the leased building stood, or, in other words, upon that part of the demised premises spoken of in the lease as "the vacant space in the rear" of the building. The appellants refused to permit the runway to be so restored, because, as their contention is, "it could not be done except by the appropriation of land they had specifically leased, and for which they were paying rent under said lease," and which they were actually occupying and using. Unsuccessful negotiations respecting the matter of the runway continued for some time, when, as appellants say, they "became convinced that the appellees did not intend to restore the runway in its original position, and they elected to abandon said premises, of which election they notified the appellees." Upon such facts and circumstances, the claimed eviction stands. It is apparent from the bare statement, that with the new building occupying the ground upon which the runway in part descended, a

restoration of the runway in its original position was impossible. The appellant H. V. Rasmussen, in one of his affidavits, states that appellees did not offer to restore the runway " to the position occupied before its removal," and that they well knew " it could not be restored in any manner except by appropriating some other portion of the premises leased to affiant."

As against the statement that they did not offer to restore the runway to its precise former position, and the physical fact that they could not so restore it, because of the new building being in the way, appellees make no contention. Their answer is that they offered to and were willing to restore it upon any part of the vacant space in the rear of the building which was the only vacant space to which appellants had any right under the lease, and that for appellants to insist upon the impossible and for something to which appellants had no right, was unreasonable, and a mere excuse or pretense to get rid of their deliberate contract.

In view of the fact that a majority of the justices of the court are of opinion that the questions of fact involved in the controversy should be submitted to a jury for its determination, it becomes unnecessary and, indeed, would be premature, at this time, to discuss the law of eviction, and particularly, what acts by a landlord do, as a matter of law, amount to an eviction, which will justify the latter in abandoning leased premises and repudiating the contract, and, further, what acts by a tenant will, if a cause of eviction has arisen, amount to a waiver thereof by him, or estop him from claiming an eviction. The latter element of waiver and estoppel exists in this case, because of appellants' delay in removing from the premises for some time (whether reasonable and proper, or not, we do not say) after the claimed eviction occurred.

The order appealed from, to wit, the order of the Circuit Court denying the motion to vacate the judgment entered by confession, is accordingly reversed, and the cause remanded to the Circuit Court with directions to permit

appellants, if they shall be so advised and apply, to plead to the declaration such matters of eviction as they may be advised of, with leave also to appellees to reply thereto, and to both parties to, in any appropriate manner, according to the rules of law, pleading and practice, applicable thereto, make an issue upon the question or questions of eviction, and of waiver, estoppel or avoidance thereof, and when properly formed, submit such question or questions to a jury—leaving the original judgment to stand as security—and to render such judgment upon the verdict as justice and law requires. Reversed and remanded, with directions.